# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY FAGONE, | CASE NO. CV F 12-2014 LJO SKO |
| Plaintiffs, | **ORDER TO DISMISS REMAINING DEFENDANTS** |
| vs. | (Doc. 17.) |
| JUDGE WAYNE R. ELLISON, et al., | |
| Defendants. | |

## BACKGROUND

This Court's January 25, 2013 order ("January 25 order") dismissed with prejudice defendants Elizabeth Egan, Dennis Peterson and Peter Jones and noted plaintiff James Anthony Fagone's ("Mr. Fagone's") attempt to thwart and vex public officials with this action. The January 25 order noted irreparable deficiencies in Mr. Fagone's operative first amended complaint ("FAC"). The January 25 order required Mr. Fagone, no later than February 4, 2013, to file papers to show cause why this Court should not dismiss this action against any remaining defendants, including Wayne Ellison, Tamara Beard and the State of California. The January 25 order "**ADMONISHES Mr. Fagone that this Court will dismiss this action against any remaining defendants, including Wayne Ellison, Tamara Beard and the State of California, if Mr. Fagone fails to comply with this order and fails to file timely**

1

**papers to show cause why this Court should not dismiss this action against any remaining defendants, including Wayne Ellison, Tamara Beard and the State of California.**"   (Bold in original.)  Mr. Fagone filed no papers to address why this Court should not dismiss any remaining defendants.  Mr. Fagone filed January 31, 2013 papers (doc. 19) which this Court construed to take issue with the January 25 order and which failed to entitle Mr. Fagone to requested relief.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Mr. Fagone indicates a lack of interest to further

1  litigate or prosecute legitimate claims, if any, he may have.  The third factor -- risk of prejudice to
2  defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence
3  of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
4  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed
5  by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that its failure
6  to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
7  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The January 25
8  order "**ADMONISHES Mr. Fagone that this Court will dismiss this action against any remaining**
9  **defendants, including Wayne Ellison, Tamara Beard and the State of California, if Mr. Fagone**
10  **fails to comply with this order and fails to file timely papers to show cause why this Court should**
11  **not dismiss this action against any remaining defendants, including Wayne Ellison, Tamara Beard**
12  **and the State of California.**"  (Bold in original.)  Mr. Fagone offers nothing meaningful to support
13  pursuit of frivolous claims against any remaining defendants, including Wayne Ellison, Tamara Beard
14  and the State of California.  As such, Mr. Fagone disobeyed the January 25 order despite adequate
15  warning that dismissal will result from disobedience of this Court's order.

16  Moreover, the January 25 order demonstrates that the FAC lacks a viable claim.  This Court
17  construes absence of a meaningful response to the January 25 order as a concession that Mr. Fagone
18  lacks viable claims against any remaining defendants, including Wayne Ellison, Tamara Beard and the
19  State of California.  As detailed in the January 25 order, the FAC's claims fail as barred legally.  Mr.
20  Fagone lacks viable claims to further warrant dismissal of this action in its entirety.

21  This Court surmises that Mr. Fagone pursues this action in absence of good faith and seeks to
22  exploit the court system to thwart and vex public officials.  The test for maliciousness is a subjective one
23  and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock*
24  *Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf.*
25  *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case
26  demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be
27  inferred from a complaint containing untrue material allegations of fact or false statements made with
28  intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to thwart

or vex public officials provides further grounds to dismiss this action against any remaining defendants, including Wayne Ellison, Tamara Beard and the State of California.

Lastly, this Court reviewed and returned the Administrative Notice submitted by Anthony J. Fagone II. Nothing in those papers warrants reconsideration of this Court's orders or dismissal of this action, and this Court need not specifically address those papers.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against any remaining defendants, including Wayne Ellison, Tamara Beard and the State of California; and

2. DIRECTS the clerk to enter judgment in favor of defendants Wayne Ellison, Tamara Beard and the State of California and against plaintiff James Anthony Fagone and to close this action.

IT IS SO ORDERED.

Dated:   February 6, 2013         /s/  Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE